## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RODNEY PATRICK HUNT,              )
                                 )              **ORDER,**
                  Petitioner,     )     **MEMORANDUM OPINION,**
                                 )       **AND RECOMMENDATION**
         v.                       )
                                 )
UNITED STATES OF AMERICA,         )              1:10CV607
                                 )              1:09CR10-1
                  Respondent.     )

Petitioner Rodney Patrick Hunt, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 27).[1] Petitioner was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and one count of possession of a firearm by a person subject to a court order in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(2) (docket no. 1). He pled guilty to the second count, while the first count was dismissed pursuant to the plea agreement (docket nos. 10, 11, 12). Petitioner was sentenced to 70-months imprisonment (docket no. 15). Petitioner did pursue a direct appeal, but he was not successful in challenging his conviction or sentence (docket nos. 24-26). He then filed his motion under Section 2255. Respondent has filed a response seeking to have the 2255 motion denied (docket no. 33), Petitioner

---

[1] This and all further cites to the record are to the criminal case.

has filed a reply (docket no. 35), and Petitioner's motion is now before the Court for a decision.[2]

## PETITIONER'S CLAIMS

Petitioner lists four potential claims for relief, although it appears that he may be attempting to raise others as well. He first claims that he received ineffective assistance of counsel; however, he then states he seeks discovery because he cannot currently prove the supporting facts. Petitioner does not state what he seeks to discover or what facts he seeks to prove. Petitioner's second claim alleges that his attorney did not "properly object to and properly appeal the cumulative effects of this case" (docket no. 27 at 6). He states that the errors are numerous and that they affect his sentence and conviction, but he does not list any errors. He then seeks an evidentiary hearing. Petitioner denominates his third claim as one based on prosecutorial misconduct and a denial of due process. Rather than describe such a claim, however, he then states that his attorney failed to properly represent him at an unidentified "critical stage" of the proceedings (*id.* at 8). Fourth, Petitioner alleges that the sentencing judge acted improperly by giving him an unreasonable sentence and failing to properly discuss the factors upon which that sentence was based. Next, in the section of his 2255 motion explaining the timeliness of his motion, he

---

[2] On September 3, 2010, Petitioner submitted a motion to stay his case so that he could amend his 2255 motion (docket no. 29). That motion has not been ruled upon, but several months have passed and Petitioner has made no attempt to file any amendment. Therefore, the motion to stay is denied.

makes a statement that his direct appeal would have been granted if his former attorney had filed a proper appeal using the correct issues. Finally, in his reply brief, Petitioner appears to make further allegations. He claims that he did not know he could not possess firearms due to a prior felony conviction, that he did not know about the domestic restraining order that also prevented him from possessing firearms, and that the sentencing judge did not allow him to respond to an allegation that he was once a Grand Cyclops in the Ku Klux Klan.

## DISCUSSION

Most of Petitioner's claims are based on allegations of ineffective assistance of counsel. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd*, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To show prejudice following a guilty plea, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, he would not have pled guilty but would

have gone to trial. *Hill v. Lockhart*, 474 U.S. 52 (1985). The Court must determine whether "a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010)(citing *Roe v. Flores-Ortega*, 528 U.S. 470, 480, 486 (2000)). This determination is an objective one which is "dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007).

As for claims that Petitioner's attorney did not properly conduct his appeal, such claims are judged using the *Strickland* test set out previously. *See Lawrence v. Branker*, 517 F.3d 700, 708-09 (4th Cir.), *cert. denied*, 129 S. Ct. 162 (2008). Appellate counsel need not raise on appeal every non-frivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745 (1983); *see also Smith v. Murray*, 477 U.S. 527 (1986); *Evans v. Thompson*, 881 F.2d 117, 124 (4th Cir. 1989) (declaring that counsel pursued sound trial strategy when he "determined what he believed to be petitioner's most viable arguments and raised them on appeal"). Winnowing out weaker arguments to press forward with more important points is part of effective appellate advocacy. *Jones*, 463 U.S. at 751-52. Prejudice can be shown by demonstrating that "'counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.'" *Bell v. Jarvis*, 236 F.3d 149, 180 (4th Cir. 2000) (quoting *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994)).

Here, all of Petitioner's ineffective assistance of counsel claims are far too conclusory to proceed. He claims at various points that errors occurred, that they

were numerous, and that they affected his conviction, sentence, and appeal. He never even describes those errors, however, much less puts forward any evidence to support them. His ineffective assistance of counsel claims should be dismissed for that reason.[3]

In addition to the ineffective assistance of counsel claims, the 2255 motion also raises claims of prosecutorial misconduct and error by the sentencing judge. Petitioner's prosecutorial misconduct is a claim in name only. He has entitled the claim as one for prosecutorial misconduct, but he describes no misconduct. In fact, in his supporting explanation, he addresses only the actions of his defense counsel and does not mention the prosecutor at all. His prosecutorial misconduct claim should also be denied for being conclusory.

Petitioner's claim that the sentencing judge erred by giving him an unreasonable sentence and failing to properly discuss the applicable sentencing factors also cannot proceed. Petitioner raised both of these arguments on appeal and had them both decided against him by the Fourth Circuit Court of Appeals (docket no. 24). He cannot now relitigate them in a 2255 motion. *Boeckenhaupt v. United States*, 537 F.2d 1182 (4th Cir. 1976).

---

[3] To the extent that Petitioner may be attempting to claim ineffective assistance of counsel based on his claims of prosecutorial misconduct, error by the sentencing judge, or innocence of the charges, those ineffective assistance claims would rise or fall along with the substantive claims.

Finally, in his reply brief, Petitioner asserts that he is innocent of the crimes alleged the indictment, including the charge to which he pled guilty. Naturally, any allegations as to the dismissed count are irrelevant. Petitioner was not convicted of that claim. His allegations as to the count of conviction also cannot proceed. Petitioner states that he never received a copy of the domestic protection order in his case; however, this is contrary to his guilty plea and to the factual basis entered in his case (docket no. 11). "When a defendant is represented by counsel when making his guilty plea, that plea is presumed valid when later attacked in a habeas corpus proceeding. In order to rebut that strong presumption of validity, the defendant must make a factual showing that his plea of guilty was not voluntary and intelligent." *United States v. Custis*, 988 F.2d 1355, 1363 (4th Cir. 1993) (citations omitted). Petitioner has made no showing that his plea was not voluntary or intelligent. In essence, he seeks now to litigate the merits of his case even though he gave up that right by pleading guilty. This is not proper and this claim should be denied as well.

Petitioner also claims in his reply brief that the sentencing judge did not allow him to respond to the allegation that he was a Grand Cyclops in the Ku Klux Klan. That allegation was adequately addressed by his attorney in a side bar conference, however. After the attorney then conferred with Petitioner regarding the matter, he decided that no further comment was needed (docket no. 20 at 16-19). Petitioner has introduced nothing to show that the handling of the matter constituted ineffective

assistance of counsel or that he was in a position to present anything beyond what his attorney had already told to the sentencing judge.  Petitioner is not entitled to relief on this claim or on any of the other claims he raises.

**IT IS THEREFORE ORDERED** that Petitioner's motion to stay (docket no. 29) is **DENIED**.

**IT IS RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (docket no. 27) be **DENIED** and that Judgment be entered dismissing this action.

_____
Wallace W. Dixon
United States Magistrate Judge

Durham, N.C.
February 1, 2011